IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FREESTATE JUSTICE,<br>       *Plaintiff*,<br><br>v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>and<br><br>ANDREA LUCAS, in her official capacity as ACTING CHAIR OF THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>       *Defendants*. | Civil Case No. 1:25-cv-02482-GLR |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS**

Plaintiff FreeState Justice opposes Defendants' motion (ECF No. 21) for an open-ended stay of proceedings in this case pending resolution of the government shutdown that commenced on October 1, 2025. Staying this litigation is not required by the Antideficiency Act, would implicate this Court's core constitutional functions, and would compound the injury to FreeState.

As detailed in the complaint (*see* ECF No. 1), FreeState alleges that the EEOC is depriving transgender workers of the full set of charge-investigation and other enforcement protections that the EEOC provides to other workers who file charges of discrimination with the EEOC, in violation of the U.S. Constitution, Title VII of the Civil Rights Act of 1964, and the Administrative Procedure Act. The policy diminishes FreeState's and its clients' ability to redress workplace discrimination and impedes FreeState's ability to advance the rights and interests of LGBTQ+

1

Marylanders. Per the Court's recent Order Granting Joint Motion to Continue Briefing Schedule (ECF No. 20), Defendants' response to Plaintiff's complaint is currently due by October 10, 2025.

In support of their motion, Defendants assert that a stay is necessary because, under the Antideficiency Act, "Department of Justice attorneys and employees of the Commission are prohibited from working, even on a voluntary basis, except in very limited circumstances . . . ." ECF No. 21 at 1.

But the Antideficiency Act permits counsel for Defendants to continue working if otherwise "authorized by law." 31 U.S.C. § 1341(a)(1)(B). The Department of Justice interprets this provision to mean that while DOJ attorneys must generally request a stay, "[i]f a court denies such a request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." *U.S. Department of Justice FY 2026 Contingency Plan* 3 (Sept. 29, 2025), https://tinyurl.com/bdfjjcpd. For this reason, "[w]ith respect to litigation, the Department's plan assumes that the Judicial Branch will continue to operate, though possibly at a reduced level, through the lapse." *Id.* Indeed, this District has announced that it "will continue normal operations notwithstanding the shutdown" until at least October 17, 2025. *See District Court is Open During Government Shutdown* (Oct. 1, 2025), https://tinyurl.com/mr3m6nph. And the EEOC's own contingency plan provides that the EEOC will "continue to litigate lawsuits where a continuance has not been granted." *See EEOC Contingency Plan in the Event of Lapse of Appropriations*, https://tinyurl.com/bdzeb9fh.

The D.C. Circuit's adoption of this interpretation of the Antideficiency Act is instructive. During a previous shutdown, in *Kornitzky Group, LLC v. Elwell*, two judges concurring in the denial of a stay relied on DOJ's contingency plan, concluding that the denial of a stay amounts to legal authorization for DOJ attorneys to continue working. 912 F.3d 637, 638 (D.C. Cir. 2019)

(Srinivasan, J., concurring). Pursuant to that understanding, the judges noted that the D.C. Circuit consistently denies requests by the federal government to stay briefing or argument due to a government shutdown. *Id.* at 638–39; *see also People for the Ethical Treatment of Animals v. U.S. Dep't of Agric.*, 912 F.3d 641 (D.C. Cir. 2019); *Air Transp. Ass'n of Am., Inc. v. FAA*, 912 F.3d 642 (D.C. Cir. 2019). Counsel for Defendants may therefore lawfully continue working if the Court denies the requested stay.

Moreover, a prolonged delay in the resolution of this matter—as may result from the open-ended stay Defendants seek here—would implicate the federal judiciary's core constitutional duty of hearing and deciding cases on a timely basis. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218 (1995) (describing role of federal judiciary). This duty is particularly notable in this matter given that the federal government is generally only subject to suit in federal courts, making alternate means of redress unavailable.

Accordingly, even if the Court were inclined to grant Defendants' motion, it should not do so for the indefinite period requested. Plaintiff does not oppose a more limited extension—to October 15, 2025—for Defendants to respond to the complaint, provided Defendants affirm that the EEOC will offer the same procedures it has identified for filing time-sensitive charges during the shutdown (e.g., for contacting potential charging parties who appear to be within a 14-day window of their charge-filing deadline) on an equal basis to transgender individuals as it will to other charging parties.[1] Such an assurance is the only way to ensure that any delay resulting from

---

[1] In pertinent part, the EEOC's website explains, "If you are within 60 days of your time expiring, or you are unsure when your time expires, you should begin the process [of filing a charge of discrimination] by submitting a pre-charge inquiry online at the EEOC Public Portal. The EEOC will review inquiries submitted through the EEOC Public Portal during the shutdown for appropriate handling. Please note that EEOC will only contact you during the shutdown if it appears that your charge filing deadline will expire within 14 days. For all other inquiries, we will contact you to discuss your inquiry when the federal government reopens." *The U.S. Equal Employment Opportunity Commission (EEOC) is Currently Closed Due to a Lapse in Appropriations*, https://tinyurl.com/yzs6z7zf.

the government shutdown will not further prejudice transgender charging parties' ability to timely file charges of discrimination at the EEOC. If the Court grants such an extension, Plaintiff asks that the date of its response (if a response is due) be extended by the same length of time.

Dated: October 2, 2025

Respectfully submitted,

*/s/ Sarah R. Goetz*

| | |
|---|---|
| Lauren Khouri (Bar No. 19549) | Sarah Goetz (Bar No. 31570) |
| Rachel Smith* | Audrey Wiggins (Bar No. 31620) |
| Elizabeth Theran* | Sunu Chandy (Bar No. 31569) |
| Gaylynn Burroughs* | DEMOCRACY FORWARD FOUNDATION |
| NATIONAL WOMEN'S LAW CENTER | P.O. Box 34553 |
| | Washington, DC 20043 |
| 1450 I Street NW, Suite 700 | Phone: (202) 448-9090 |
| Washington, DC 20005 | Fax: (202) 796-4426 |
| Phone: (202) 571-8735 | sgoetz@democracyforward.org |
| Fax: (202) 588-5185 | awiggins@democracyforward.org |
| lkhouri@nwlc.org | schandy@democracyforward.org |
| rsmith@nwlc.org | |
| etheran@nwlc.org | |
| gburroughs@nwlc.org | |

*Admitted *pro hac vice*

*Counsel for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document with the Clerk of the Court for the United States District Court for District of Maryland by using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users who have appeared in this case.

*/s/ Sarah R. Goetz*

*Counsel for Plaintiff*